IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALEEN GORTAT,<br><br>Plaintiff,<br><br>v.<br><br>DICKENSON FINANCIAL; JOHNSON MARK, LLC; WILLIAM A. MARK; and DOES 1 THROUGH 10,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:11-cv-0016-DB-PMW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are (1) Aleen Gortat's ("Plaintiff") motion for entry of default as to Dickenson Financial ("DF"),[2] (2) Defendants' motions to dismiss,[3] and (3) Defendants' motion to strike Plaintiff's response to one of their motions to dismiss.[4]  The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 15.

[2] *See* docket no. 9.

[3] *See* docket nos. 10, 18.

[4] *See* docket no. 23.

As an initial matter, the court notes that Plaintiff is proceeding pro se in this case. Accordingly, the court will construe Plaintiff's pleadings and other submissions liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Before turning to the substance of the above-referenced motions, the court addresses a procedural matter relating to Plaintiff's pro se status. After Plaintiff filed the original complaint in this case, Defendants responded with a motion to dismiss. In response to that motion to dismiss, Plaintiff filed what amounts to an amended complaint ("Amended Complaint"). Subsequent to that filing, Defendants filed their second motion to dismiss to address the allegations set forth in the Amended Complaint. In light of Plaintiff's pro se status, the court will consider both the original complaint and the Amended Complaint in determining Plaintiff's alleged claims. Consequently, the court will also consider Defendants' motions to dismiss together.

## BACKGROUND

The following background information is taken from Plaintiff's original complaint and the Amended Complaint, as well as from documents that are either attached to, or referenced in, those complaints. Accordingly, those documents can properly be considered by the court in deciding Defendants' motions to dismiss. *See GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384-85 (10th Cir. 1997).

On February 23, 2010, Defendants sent a dunning letter to Plaintiff concerning the collection of a past-due debt.  The dunning letter was sent in connection with Utah State Court Case No. 100408677 ("State Court Case").  Plaintiff claims to have never received the dunning letter; however, Defendants have submitted a copy of the dunning letter that was filed in the State Court Case.[5]  The dunning letter includes the following information:  (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed, (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Plaintiff was served with the summons and complaint in the State Court Case on April 11, 2010.  On April 27, 2010, Plaintiff sent Defendants a "Debt Collection Dispute Letter."

---

[5] The court recognizes that rule 12(d) of the Federal Rules of Civil Procedure generally requires a court to treat a motion to dismiss as a motion for summary judgment when matters outside the complaint are considered.  *See* Fed. R. Civ. P. 12(d).  However, since the State Court Case is the type of public record that is subject to judicial notice, the court's consideration of it does not require the court to treat Defendants' motion to dismiss as a motion for summary judgment.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004); *City of Philadelphia v. Fleming Cos., Inc.*, 264 F.3d 1245, 1251 n.4 (10th Cir. 2001); *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000).

Judgment was eventually entered in the State Court Case against Plaintiff.  Plaintiff then filed the complaint in this case, alleging claims against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA").

## ANALYSIS

As indicated above, the motions before the court are (1) Plaintiff's motion for entry of default as to DF, (2) Defendants' motions to dismiss, and (3) Defendants' motion to strike Plaintiff's response to one of their motions to dismiss.  The court will address the motions in turn.

### I. Plaintiff's Motion for Entry of Default

Plaintiff has moved for entry of default against DF based on the allegation that DF was properly served but failed to file a timely response to the complaint.  However, as noted by the Clerk of the Court in response to Plaintiff's motion, Plaintiff's failed to provide proof of proper service upon DF.[6]  Accordingly, Plaintiff's motion for entry of default should be **DENIED**.

### II. Defendants' Motions to Dismiss

Defendants' motions seek dismissal of Plaintiff's complaint under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss under rule 12(b)(6), the court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff."  *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011).  At the same time, the court is not required to accept conclusory allegations without supporting facts.  *See Bellmon*, 935 F.2d at 1110.

---

[6] *See* docket no. 12.

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the United States Supreme Court recognized that while the pleading standard contained in rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,'" it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 1949 (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id*. (quoting *Twombly*, 550 U.S. at 555, 557, 570) (alteration in original).

The *Iqbal* Court went on to note:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the

> mere possibility of misconduct, the complaint has alleged--but it
> has not show[n]--that the pleader is entitled to relief.

*Id*. at 1949-50 (quotations and citations omitted) (second alteration in original).

In their motion, Defendants argue that there has been no violation of the FDCPA because Defendants sent a proper dunning letter and Plaintiff's "Debt Collection Dispute Letter" was untimely. The court agrees.

Pursuant to the FDCPA, a debt collector must provide a consumer with notice of the collection of any debt. *See* 15 U.S.C. § 1692g(a). Specifically, the FDCPA provides:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*See id*. § 1692g(a)(1)-(5). As noted above, the dunning letter sent to Plaintiff by Defendants on February 23, 2010, complies with all of the above-referenced requirements of the FDCPA.

In addition, the FDCPA provides:

> (b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment . . . and a copy of such verification or judgment . . . is mailed to the consumer by the debt collector.

*Id*. § 1692g(b).  Again, as noted above, Plaintiff did not send the "Debt Collection Dispute Letter" to Defendants until April 27, 2010, more than two months after the dunning letter was sent to Plaintiff.  Accordingly, Plaintiff's "Debt Collection Dispute Letter" did not comply with the FDCPA's thirty-day requirement for disputing debts.  *See id*.

For these reasons, the court concludes that Plaintiff's complaint fails to state claims on which relief can be granted.  Therefore, Defendants' motions to dismiss should be granted, and Plaintiff's complaint should be dismissed with prejudice.

### III.  Defendants' Motion to Strike

In this motion, Defendants seek to strike Plaintiff's response to one of their motions to dismiss based on the fact that it was not filed in a timely manner.  It is true that Plaintiff's response was not filed until well after the time for doing so had passed.  *See* Fed. R. Civ. P. 6; DUCivR 7-1(b)(4)(A).  However, because it was unnecessary for the court to consider Plaintiff's response in reaching the foregoing conclusion on Defendants' motions to dismiss, Defendants' motion to strike should be deemed moot.

## CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for entry of default as to DF[7] be **DENIED**.

2. Defendants' motions to dismiss[8] be **GRANTED**, and Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

3. Defendants' motion to strike Plaintiff's response to one their motions to dismiss[9] be deemed **MOOT**.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 27th day of January, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[7] *See* docket no. 9.

[8] *See* docket nos. 10, 18.

[9] *See* docket no. 23.